Case 2:23-cv-00087   Document 23   Filed on 08/23/23 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
August 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALEX BERNARD JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00087 |
| | § | |
| JUAN J. NUNEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Alex Bernard Johnson, a prisoner appearing *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c);[1] 28 U.S.C. §§ 1915(e)(2), 1915A. For purposes of screening and pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the undersigned recommends that Plaintiff's § 1983 claims be **DISMISSED WITH PREJUDICE**.

*A. Jurisdiction.*

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

---

[1] Under this provision, "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2).

### B. *Proceedings.*

Plaintiff is a state prisoner currently housed in the in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) and is housed at the McConnell Unit in Beeville, Texas. Plaintiff is currently serving a 20-year sentence for aggravated assault, and two life sentences for aggravated kidnapping and aggravated sexual assault. *See* Texas Department of Criminal Justice, *Inmate Information Details: Johnson, Alex Bernard TDCJ No. 01167266*, https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=06161959 (last visited Aug. 21, 2023).

Plaintiff filed this action on March 27, 2023. (Doc. No. 1.) Liberally construed, Plaintiff alleges three main claims: (1) conspiracy; (2) wrongful conviction; and (3) claims that Defendants implanted a device into Plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). No process has been issued in this case. Plaintiff's requested relief is the following: "Justice, Reimburse [sic] me for all financial losses incurred, intentional infliction of emotional distress, criminal prosecution for federal crimes, punative [sic] damages, [and] restoration of all my constitutional rights and societal standing." (Doc. No. 1, p. 4.) The undersigned is satisfied that Plaintiff has pleaded his best case. *See Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009), *cert. denied*, 560 U.S. 944 (2010) (leave to amend is not required if the *pro se* plaintiff has already pleaded his best case). The case is now ripe for screening.

### C. *Legal standard for screening.*

When a prisoner seeks to proceed *in forma pauperis*, the court shall evaluate the complaint and dismiss it without service of process if the court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see* 28 U.S.C. § 1915(e)(2)(B)

(providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (citing *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)). A claim has no arguable basis in fact if, "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Additionally, a plaintiff's suit may be dismissed as frivolous pursuant to § 1915(e)(2)(B) if it makes factual allegations that are "fanciful," "fantastic," or "delusional." *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 328).[2]

"In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (*per curiam*) (citations omitted). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, "the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[2] *See also Owen v. United States*, No. S-06-2529, 2007 WL 1087188, *2 n.3 (E.D. Cal. Apr. 10, 2007) (plaintiff's claim that the United States Attorney had implanted a microchip in the plaintiff's head was "palpably frivolous").

suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The factual allegations must raise the plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, the plaintiff's claim should not be dismissed. *Id.* Furthermore, as Plaintiff proceeds *pro se*, the Court construes his complaint liberally in his favor. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines*, 404 U.S. at 520).

### D. Plaintiff's claims fail to survive screening under § 1997e(c)(2).

Section 1983 of Title 42, United States Code, provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him or her of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he or she misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under § 1983. *Thompkins v. Belt,* 828 F.2d 298, 303–04 (5th Cir. 1987); *see also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

A supervisory official may be held liable only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps,* 659 F.3d 440, 446 (5th Cir. 2011). "A policy is normally an official statement, ordinance, or regulation, but in certain circumstances a persistent, widespread practice that is so commonplace as to constitute a custom can also be treated as policy." *McNeil v. Caruso*, No. 17-01688, 2019 WL 1435831, at *2 (M.D. La. Mar. 28, 2019) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001)).

### 1. *Requested relief of criminal charges is unavailable.*

As a preliminary matter, Plaintiff's requested relief of criminal investigations is not available in a § 1983 civil rights action. For his allegations, Plaintiff requests, in addition to monetary compensation, that Defendants be criminally prosecuted for unnamed alleged federal crimes. (Doc. No. 1, p. 4.)

There is no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Numerous courts have held that the relief Plaintiff seeks is simply not available in a § 1983 civil rights case. *E.g.*, *Nelson v. State of Va.*, No. 7:16-CV-00055, 2016 WL 3963242, at *2 (W.D. Va. July 21, 2016) (no legal basis for court to order criminal investigation or charges against state officials); *Williams v. Davis*, No. 3:09-CV-0296-B, 2009 WL 928318, at *2 (N.D. Tex. Apr. 6, 2009) ("to the extent Plaintiff seeks to criminally prosecute someone, such relief is not available in a § 1983 civil rights action") (internal quotation marks omitted); *Worthy v. Francis*, No. 3:02-CV-2102N, 2002 WL 31553847, at *2 (N.D. Tex. Nov. 14, 2002) (same); *Jones v. Conway*, No. Civ. A 9203883, 1992 WL 185578, at *1 (E.D. Pa. July 21, 1992) (same); *see also Houston v. Collerman*, No. 9:16-CV-1009, 2016 WL 6267968, at *11 (N.D.N.Y. Oct. 26, 2016) ("it is well-settled that a private citizen does not

have a constitutional right to bring a criminal complaint against another individual"). Accordingly, the Court solely looks to the monetary relief in addressing the allegations in more depth below.

> **2. Plaintiff's conspiracy claims against Defendants are frivolous or fail to state a claim upon which relief may be granted.  Accordingly, the claims should be dismissed with prejudice.**

Plaintiff claims that Defendants conspired against Plaintiff by entering into an agreement to deprive him of his constitutional rights by imprisoning him under "wrongful conviction," in violation of §§ 1983, 1985, and 1986.  (Doc. 1, p. 4.)  Plaintiff also asserts that Defendants conspired to implant him with a device to gather information from him as well as send him explicit images.  *Id*.

To state a claim for conspiracy under § 1983, a plaintiff must allege that defendant "had 'an agreement to commit an illegal act which resulted in the plaintiff's injury.'" *Hay v. City of Irving*, 893 F.2d 796, 799 (5th Cir. 1990) (quoting *Thomas v. City of New Orleans*, 687 F.2d 80, 83 (5th Cir. 1982)).  With regard to any claim that defendants have conspired under § 1983 to harm him, a plaintiff must plead specific, non-conclusory facts that establish that there was an agreement among the defendants to violate his federal civil rights.  *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004); *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (explaining that bald allegations that a conspiracy existed are insufficient and that plaintiffs asserting conspiracy claims under section 1983 must plead the operative facts on which their claim is based); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (concluding that conclusory allegations of a conspiracy will not suffice).

Plaintiff's allegations consist only of conclusory allegations and his speculative belief that these defendants actually entered into an agreement to violate his rights.  *See Easter v. City*

*of Dallas Probate Div.*, No. 3:21-CV-0860, 2022 WL 2975349, at *8 (N.D. Tex. June 27, 2022), *adopted*, 2022 WL 2972595 (N.D. Tex. July 27, 2022) (rejecting § 1983 conspiracy claim where allegations were "totally speculative and [did] not show an agreement of any kind between the two defendants"). In addition, Plaintiff does not tie his allegations to any alleged enforcement of a constitutionally deficient policy. *See Porter*, 659 F.3d at 446. Therefore, Plaintiff's allegations of a conspiracy are insufficient to state a § 1983 claim.

Further, Plaintiff has failed to state an actionable conspiracy claim under §§ 1985 and 1986. Section 1986 of Title 42 "provides a cause of action for 'wrongs conspired to be done' as set forth in 42 U.S.C. § 1985." *Davis v. Maginnis*, No. H-21-2278, 2021 WL 6340157, at *2 (Dec. 6, 2021). To state a claim for the deprivation of civil rights as set forth in § 1985(3), a complaint must allege the following: "(1) a conspiracy of two or more person; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 124 (5th Cir. 1996) (citation omitted). "Essential to the claim, however, is that the conspiracy be motivated by racial animus." *Id.* (citations omitted); *see also McCoy v. Homestead Studio Suites Hotels*, 177 F. App'x 442, 446 (5th Cir. 2006) (*per curiam*).

Plaintiff does not allege any specific facts suggesting a race-based conspiracy or animus against him. Thus, Plaintiff cannot state a valid claim for relief under § 1985(3). Because a valid § 1985 claim is a prerequisite to a § 1986 claim, Plaintiff's § 1986 claim also fails. *See*

*Davis*, 2021 WL 6340157, at *2 (S.D. Tex. Dec. 6, 2021) (Hittner, J.) (citing *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000)).

Accordingly, the undersigned recommends that Plaintiff's conspiracy claims under §§ 1983, 1985, and 1986 be dismissed with prejudice against Defendants as frivolous and for failure to state a claim upon which relief may be granted.

### 3. Plaintiff's wrongful conviction claim is Heck-barred.

To the extent that Plaintiff seeks monetary relief for his wrongful conviction claim under 42 U.S.C. § 1983, his complaint should be dismissed for failure to state a viable claim. Plaintiff does not allege any facts showing that Defendants were involved in the determination of his underlying conviction. Absent any personal involvement or the enforcement of a constitutionally deficient policy, Plaintiff does not articulate a viable claim against these individuals. *See Lowe v. Paxton,* No. CV H-19-0896, 2019 WL 1243471, at *2 (S.D. Tex. Mar. 18, 2019) (Lake, J.) (citing *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)).

Further, to prevail for monetary damages in a wrongful conviction lawsuit, a prisoner must first prove that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994); *see also Lowe*, 2019 WL 1243471, at *2.

Because Plaintiff's underlying conviction has not been set aside or invalidated, his civil rights claim is not cognizable under 42 U.S.C. § 1983. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). In fact, the opposite has occurred:

8 / 11

> The Fourteenth Court of Appeals of Texas affirmed Johnson's convictions and sentences on February 26, 2004. Johnson did not file petitions for discretionary review in the Texas Court of Criminal Appeals. On April 23, 2008, Johnson filed applications for state habeas corpus relief, which the Texas Court of Criminal Appeals denied without written order, on findings of the trial court, without a hearing, on December 17, 2008.
>
> On May 30, 2013, Johnson filed additional applications for state habeas relief. The Texas Court of Criminal Appeals denied these applications without written order, on findings of the trial court, without a hearing on August 21, 2013.

*Johnson v. Stephens*, No. CIV.A. H-13-3179, 2015 WL 2450492, at *1 (S.D. Tex. May 19, 2015) (Rosenthal, J.). Further, Plaintiff's subsequent federal habeas petition was denied and dismissed. *Id*. at *4. Therefore, Plaintiff's claim is baseless, and the undersigned recommends that Plaintiff's claim be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted.

### *4. Plaintiff's "implant" allegations are frivolous. They should be dismissed.*

Plaintiff claims that he has been implanted with a "neuro" device that "brain-bridged" him with "an entire wing of convicted inmates usurping [his] intellectual property to learn and gain knowledge of all classified/confidential information such as: legal, financial, business, bank accounts, medical, mental health, family addresses/phone numbers, social security numbers . . . which they used to aid them in committing acts of terrorism . . . ." (Doc. No. 1, p. 4.) Allegedly, Defendants "'contracted' inmates to plagiarize [him] day in and day out while they recorded it." *Id*. Further, the device that was purportedly implanted into Plaintiff allegedly "mimic/recreates the sensation of touch which they used to sexually assault [Plaintiff] by molesting [his] genitalia at will" and "emits electrical pulse that allows them to shock me at will, make me cold, hot, burn, itch, gives crawling tingles, paralysis, limb movement, etc. . . in an attempt to induce me to commit suicide/and or insanity." *Id*. Plaintiff also alleges that this device allows Defendants to

"submit child pedophilia, homosexual explicit images to my subconsciousness while in (rem) or the hypnogogic state in an attempt to turn me out/convert me into a pedophile or worse." *Id*.

In addition to being threadbare and conclusory, *see Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 555, Plaintiff ties all of the allegations against Defendants to the purported implant device, which is a fantastical concept that renders these claims frivolous in nature. Accordingly, the undersigned recommends these claims be dismissed as frivolous.

### E. *Conclusion and recommendation.*

For the foregoing reasons, the undersigned recommends that Plaintiff's § 1983 claims be **DISMISSED with prejudice** as frivolous or for failure to state a claim upon which relief may be granted.

### F. *Notice.*

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on August 22, 2023.

_____
MITCHEL NEUROCK
United States Magistrate Judge